## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 30, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RICHARD W. ROBINSON,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0992**  (BOR Appeal No. 2050377)
(Claim No. 2013015207)

**ALPHA NATURAL RESOURCES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Richard W. Robinson, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alpha Natural Resources, Inc., by Timothy E. Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 30, 2015, in which the Board affirmed the April 9, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 16, 2013, denial of the addition of post-traumatic arthritis of the knee as a compensable condition and the denial of authorization for a total right knee replacement. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Robinson was injured on October 20, 2012, when he slipped in mud and fell. He was transported by ambulance to the hospital where he was diagnosed with a closed head injury, blunt extremity trauma, and musculoskeletal back pain. The claims administrator held the claim compensable for a non-specific injury to the trunk and fall from other slipping, tripping, or tumbling. Mr. Robinson followed up the hospital treatment with Frederic H. Pollock, M.D., on October 29, 2012. Dr. Pollock diagnosed low back strain and sprain of the right knee. An MRI of the right knee revealed severe three-compartment osteoarthritic changes; a nearly absent posterior horn of the lateral meniscus with a large tear and degeneration with a small

1

parameniscal cyst; a tear of the posterior horn of the medial meniscus; and several loose bodies in the joint. John P. Pierson, M.D., started treating Mr. Robinson on February 21, 2013. Dr. Pierson diagnosed post-traumatic arthritis and medial meniscus tear in the posterior horn. He recommended a right knee arthroscopy with partial medial meniscectomy, which was performed on March 12, 2013.

The claims administrator held the claim compensable for derangement of the posterior horn of the medial meniscus. On May 17, 2013, Dr. Pierson listed post-traumatic arthritis of the right knee as a secondary diagnosis on a diagnosis update form. Mr. Robinson continued to have pain, swelling, and locking of the right knee. Dr. Pierson recommended a total knee replacement, which was performed on June 5, 2013. The preoperative and postoperative diagnosis was end-stage degenerative joint disease of the right knee.

James Dauphin, M.D., performed a physician review on June 10, 2013. In his opinion, Mr. Robinson had an arthritic knee at the time of the accident. He did not believe post-traumatic arthritis should be added as a compensable condition. The total knee replacement was not medically necessary for the effects of the October 20, 2012, fall. On August 16, 2013, the claims administrator denied the addition of post-traumatic arthritis as a compensable condition and denied authorization for the total right knee replacement.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on February 12, 2014. Mr. Robinson reported continued right knee pain, swelling, popping and cracking, as well as low back pain. Dr. Mukkamala diagnosed lumbar strain and sprain of the right knee, status post arthroscopic partial medial meniscectomy. In his opinion, the total knee replacement was needed as a result of a pre-existing degenerative condition, not the work injury.

Mr. Robinson had received medical treatment for his right knee well before the October 20, 2012, injury. He had a right knee arthroscopy in the 1980's. On August 29, 2001, Mr. Robinson slipped at work and injured his right knee. He underwent a right knee arthroscopy to repair torn medial and lateral menisci. The injury resulted in an 8% permanent partial disability award. On February 12, 2009, a golf ball hit Mr. Robinson in the right knee. X-rays showed moderate to severe degenerative changes which had progressed since his 2001 x-ray.

The Office of Judges affirmed the claims administrator's August 16, 2013, denial of the addition of post-traumatic arthritis as a compensable condition and the denial of authorization for a total right knee replacement. It found Mr. Robinson had two previous knee injuries, one of which was work-related and resulted in an 8% permanent partial disability award. It also found that Mr. Robinson's right knee x-ray on October 20, 2012, showed degenerative changes similar to those seen on a February 12, 2009, x-ray, and that the November 27, 2012, MRI revealed severe three compartment osteoarthritic changes. The Offices of Judges also determined that Dr. Pierson's June 5, 2013, postoperative diagnosis was end-stage degenerative joint disease of the right knee and that there was no medical opinion stating the end-stage degenerative joint disease was attributable to the October 20, 2012, injury. Additionally, Mr. Robinson testified he needed a total left knee replacement, which suggested the right knee arthritis was not work-related.

2

The Office of Judges relied on the opinions of Dr. Mukkamala and Dr. Dauphin, who opined that the arthritic condition was not due to the October 20, 2012, injury. It found their opinions to the most credible. The Office of Judges determined that the degenerative process started prior to October 20, 2012; therefore, the need for surgery to correct it was not related to the injury.

The Board of Review adopted the findings of facts and conclusions of law of the Office of Judges and affirmed its April 9, 2015, Order. After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidence shows that Mr. Robinson's knee was arthritic prior to the October 20, 2012, injury. The evidence also shows that the degenerative process began well before the injury. A preponderance of the evidence failed to establish the compensability of post-traumatic arthritis or the total knee replacement. While Mr. Robinson may have needed the total right knee replacement, it was not due to the October 20, 2012, injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 30, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin